## HARMON *vs.* BIRD & BIRD.

A description of *an improvement of a machine* already in use, in a convey-ance by a *patentee* to a purchaser of the right to vend the same within prescribed limits, is sufficient, if it set forth the nature of the invention and the manner in which it may be made available, with so much partic-ularity as to enable persons of competent skill to construct and apply the improvement; it is not necessary to describe the *original machine.*

If at the time of sale of such improvement it was useful and valuable, the *consideration* of a note given by a purchaser for the right to vend, &c. is not impeached by showing that *subsequent improvements* of the original machine had rendered the improvement valueless.

THIS was an action of *assumpsit,* on a promissory note, tried at the Genesee circuit in October, 1836, before the Hon. ADDISON GARDNER, then one of the circuit judges.

The suit was brought on a promissory note, the conside-ration of which was the transfer of a right to make and vend, within certain limits, *an improvement in a threshing machine,* for which Harmon had obtained a patent in 1829. In the schedule annexed to the patent, the improvement was described, without describing the threshing machine already in use. The deed to the defendants, after reciting that Harmon had invented " a new and useful *improvement called a threshing machine,"* which had been secured to him by letters patent issued under the great seal of the United States, bearing date the 5th day of August, 1829, and that the defendants had " fully viewed, contemplated and con-sidered the said improvement," granted to the defendants the right of making and vending " the said improvement," &c. Mechanics acquainted with threshing machines testified, that a mechanic by taking the specification could construct and apply the improvement. The defendants objected that the specification was insufficient, because it did not describe the machine in use, of which this was an improvement. Ob-jection overruled, and exception. A second objection was taken that the patent was for " an improvement in the threshing machine," and the deed was for " an improvement called a threshing machine," and so the plaintiff had con-

veyed the whole machine, when he was only entitled to the improvement : overruled and exception. The judge charged the jury that they should take into consideration the state of the improvements which had been made in threshing machines at the time of the sale, and if the improvement patented was valuable at that time, and if mechanics, from an examination of the specification, could construct the improvement and apply it to threshing machines in use, the plaintiff was entitled to recover. The defendants excepted. Verdict for plaintiff. A motion was made for a new trial.

*M. Taggart,* for defendants.

*H. U. Soper,* for plaintiff.

*By the Court,* BRONSON, J.—It is said that a patent for an improvement must describe the machine already in use, and the cases of *Sullivan* v. *Redfield;* 1 *Paine, C. C. R.* 441, and *Cross* v. *Huntly,* 13 *Wendell,* 385, are cited in support of the position ; but that was not the point decided in either of those cases. A description of the original machine can only be necessary when there is no other way in which it can be ascertained with reasonable certainty in what the improvement consists, and how it is to be applied. Threshing machines had long been in use, and were well understood at the time this patent was granted, and the patentee has given such a description of his invention as will enable mechanics acquainted with threshing machines to construct and apply his improvement without difficulty. I think nothing more was necessary. In *Harmar* v. *Playne,* 11 *East.* 107, Lord *Ellenborough* intimates an opinion that it is not necessary in the specification of a patent for an improvement to state precisely all the former known parts of the machine, and then to apply to those the improvement : but on many occasions it may be sufficient to refer generally to them. He puts the instance of a common watch, and adds, "it may be sufficient for the patentee to say—take a common watch and add or alter such and such parts, describing them." In *Liardet* v. *Johnson, Bull. N. P.* 76,

Harmon v. Bird.

Lord *Mansfield* said, the meaning of the specification is, that others may be taught to do the thing for which the patent is granted; and in *Harmer* v. *Playne*, Lord *Ellenborough* said, this must be understood, to enable persons of reasonably *competent skill* in such matters to make it, for no sort of specification would probably enable a ploughman, utterly ignorant of the whole art, to make a watch. In *Crossley* v. *Beverley*, 2 *Carr & Payne*, 513, the specification of an improved gas apparatus, gave no direction respecting a condenser, which is a necessary part of every gas apparatus, and it was held that this did not invalidate the patent. Lord *Tenterden* said, a workman who is capable of making a gas apparatus would know that he must put that in. See also *Phillips' Law of Patents*, 238, and *Holroyd on Patents*, 100, 105. When the patent is for an improvement in a machine already in use, and the specification contains such a description of the nature of the invention and the manner in which it is to be performed as will enable persons of competent skill, by following the directions, to practice the invention without the labor or expense of trial or experiment, I can see no good reason for requiring the patentee to go further and describe the original machine.

The exception to the last part of the charge to the jury falls with the objection which has already been considered.

Although the invention was misnamed in the conveyance to the defendants, the deed furnished sufficient means for correcting the mistake, and identifying the thing about which the parties intended to contract. The deed not only states that the defendants had viewed the improvement, but it recites the letters patent, giving their date and the name of the patentee. The conveyance was, I think, sufficient to pass the title to the invention patented. But if it were otherwise, the deed was not a nullity—it might be reformed in a court of equity.

If this was a useful and valuable improvement at the time of the sale, the consideration of the note would not be impeached by showing that subsequent improvements in the threshing machine had rendered this invention useless.

The defendants when they purchased took the risk of any new discovery which should destroy the value of their property.

New trial denied.