JAMES S. HEALEY *et ux. vs.* EDWARD M. BABBITT *et als.*

A highway was laid out wholly on the land of M., the north line of the highway coinciding
with the north line of M.'s land. M. afterwards sold the land south of the highway, in
his deed bounding the land on the highway. Subsequently the highway was declared
useless and discontinued.

*Held,* that M.'s grantee was entitled to the whole of the land of the former highway.

TRESPASS AND EJECTMENT. Heard by the court on an agreed
statement of facts. The premises in question are shown on the
accompanying plat.

*July* 5, 1884. MATTESON, J. This is an action of trespass and
ejectment for possession of a lot of land, on the westerly side of
Charles Street, in Providence. The lot in question is the portion
of what was formerly Greenland Street lying east of the Provi-
dence and Worcester Railroad and between it and Charles Street,
and includes the entire width of the strip. Greenland Street, or
the portion of it to which the suit relates, was laid out wholly on
land of the Philip W. Martin estate, its northerly line being iden-
tical with the northerly line of that estate.

Silvanus G. Martin and Edward P. Knowles, assignees of Philip
W. Martin, by their deed dated October 27, 1843, conveyed to
Avery M. Pettis lots 88 and 89 on " Plat of Philip W. Martin's
estate, by M. B. Lockwood, Providence, May 12, 1843," the boun-
daries given in the deed being as follows, namely: " Beginning on
lot eighty seven on said plat fronting on Charles Street, on which
they measure one hundred and two feet to Greenland Street;
thence on Greenland Street one hundred feet to lot No. forty
seven; thence easterly seventy five feet three inches to lot No.
eighty seven; thence northerly one hundred feet to the first
mentioned bound."

Greenland Street was declared useless and discontinued by the board of aldermen in 1879.

The plaintiff, Mrs. Sarah A. Healey, is, and was at the discontinuance of Greenland Street, the owner of lot 89, having derived her title thereto by mesne conveyances from said Avery W. Pettis. Lot 89 adjoined that portion of Greenland Street involved in this suit.

Prior to the bringing of the suit, May 15, 1883, the defendant Babbitt entered upon the lot in question and disseized the plaintiffs, and still holds them out of possession.

The plaintiffs claim that upon discontinuance of the highway, Mrs. Healey became entitled to the whole of the land in question, by reason of her ownership of the adjoining lot, namely, No. 89. The defendant Babbitt, on the other hand, claims title to the lot by conveyances from Martin and his assignees, made subsequent to the discontinuance of the highway, and contends that in no event can the plaintiffs recover more than the one half in width of the strip adjoining the land of Mrs. Healey.

In *Hughes* v. *The Providence & Worcester Railroad Company*, 2 R. I. 493, 512, this court laid down the rule governing the construction of deeds in cases of lands bounded on highways in the following language, namely : " This court have repeatedly ruled, and it may now be considered the settled policy of the State, that where a deed bounds the grantee to, by, or on, a highway, . . . the presumption of law is, that the grantee takes the fee of the soil to the centre of the highway . . . if the grantor, at the time, owned the fee to the centre, subject to the right of the public in the easement ; unless there be established monuments, or other clear description in the deed, to rebut this presumption, and show that the intention was to limit the grant to the line of the highway." . . . And see, also, *Tingley Brothers* v. *City of Providence*, 8 R. I. 493, 506. That such is the general rule of law, see the discussion and cases collected in the note to *Dovaston* v. *Payne*, 2 Smith's Lead. Cas. *216 ; Tyler's Law of Boundaries, &c. pp. 103–114 ; *Cox* v. *The Louisville &c. R. R. Co.* 48 Ind. 178–185, 188 ; *Jarstadt* v. *Morgan*, 48 Wisc. 245, 249 ; *Tousley* v. *The Galena Mining & Smelting Co.* 24 Kans. 328, 331–333.

This presumption, however, that the grantee takes the fee of the soil to the *centre* of the highway, is not absolute and conclusive. It is created, or rather allowed, in the absence of proof, and is based upon the idea that when the street or highway was laid out, the proprietors upon each side contributed their land for the purpose, in equal portions. When it appears that such was not the fact, the presumption does not arise. As was stated by Hosmer, C. J., in *Watrous* v. *Southworth*, 5 Conn. 305, 310 : " It is a general rule of the common law that the fee of the land over which a highway passes is owned equally by the owners of the adjoining ground. This rule, however, is not artificial, and of positive institution, but is founded on the presumption, in absence of proof, that the highway was originally granted by the adjoining proprietors over their land in equal proportion. This is not a *presumptio juris et de jure*, but a reasonable presumption, based on probability. Where it appears, however, that the highway was laid wholly over the land of one person, the presumption is annulled ; and to hold by inference, against fact, that the fee of one person should be extended beyond his land, and of the other restrained to narrower limits, because he had been paid for a right of passage over a part of his soil, would be a most inequitable fiction, in opposition to the established maxim, that *In fictione juris semper existit æquitas.*" So in *Dunham* v. *Williams*, 37 N. Y. 251, 252, it was stated that a deed bounded on a highway, *primâ facie*, carries the title of the grantee to the centre of the road, on the assumption that the grantor owns it ; but where it appears that it was, in fact, owned by another, the terms of the deed are satisfied by a title extending to the roadside. And it was accordingly held that where land covered by the road bed belonged to the government, and not to the adjacent owners, as in the case of the ancient road from Flatbush to Brooklyn, a deed bounding land upon such a highway carried title only to the roadside. In *Taylor et al* v. *Armstrong et al.* 24 Ark. 102, 107, the converse of the proposition held in *Dunham* v. *Williams* was maintained, namely : that if a highway be laid out wholly upon a person's land, running along the margin of the tract, and he afterwards conveys the land, his grantee takes the fee in the whole of the soil of the highway.

The same considerations of policy which have led the courts, in the absence of words manifesting a different intention in the parties, and in the absence of proof in relation to the title to a highway, to adopt as a rule of construction that when a deed bounds land on a highway, the grantee takes, as a parcel of the grant, the fee to the middle line of the highway, would seem to be equally applicable to like cases in which the grantor's ownership in the highway appears, to the extent of such ownership, whether it falls short of, extends to, or goes beyond the middle line of the highway, or includes its entire width, unless it should also appear that the grantor owned land on the other side of the highway, bounding upon it, and opposite to the land described in the deed. We apprehend, therefore, that if a deed bounds land upon a highway, and there is nothing in its terms restricting its operation within narrower limits, and the grantor owns no land on the other side of the highway, bounding upon it, opposite to the land described in the deed, the grantee takes the fee in the highway, adjoining the land described, to the extent of his grantor's ownership.

If this be so, the deed from the assignees of Martin to Pettis, mentioned above, conveying lots 88 and 89, and bounding them on Greenland Street, conveyed also as parcel of the grant the fee in the entire width of that portion of the street adjoining lot 89 ; and Mrs. Healey, as the successor in title of Pettis to lot 89, succeeded, also, to the ownership of the fee of the entire width of the street. The subsequent conveyances from Martin and his assignees to the defendant Babbitt were, consequently, inoperative.

Judgment must be rendered for the plaintiffs for possession and costs.                         *Judgment for plaintiffs.*

*Mowry & Comstock*, for plaintiffs.
*Edwin Metcalf*, for defendant.