# CASES ARGUED AND DECIDED

# SUPREME COURT OF MISSISSIPPI,

## APRIL TERM, 1889.

BOARD OF LEVEE COMMISSIONERS *v.* CHARLES JOHNSON ET AL.

1. EMINENT DOMAIN. *Right of lessees.*

   When land is condemned under the right of eminent domain, the lessee of the land, as owner of the term, is entitled to notice and to damages, as any other owner.

2. SAME. *Not dependent on record or notice.*

   Inasmuch as a lease for one year need not be in writing, or recorded, the right of a tenant of land thus leased when taken under condemnation proceedings, is not affected by the fact that the party securing the condemnation deals with the landlord, without notice of the tenant's interest.

3. SAME. *Payment of damages to landlord. Tenant not bound.*

   If, in such case, the value of the term and of the growing crops of a tenant, be awarded and paid to the landlord, this affords the party condemning the land no protection against a suit therefor by the lessee.

4. SAME. *Leased land. Damages apportioned.*

   Where the whole of the leased premises are condemned the relation of landlord and tenant is thereby dissolved, and the present value of the land should be apportioned between the landlord and tenant, according to their respective rights.

5. CONDEMNATION OF LEASED LAND. *Effect upon tenancy.*

   The taking of a portion of leased premises under the power of eminent domain operates as an apportionment of the rent, and dissolves the relation of landlord and tenant *pro tanto.*

6. DAMAGES FOR LAND CONDEMNED. *Rule of apportionment.*

   In such cases the rule of apportionment is to give to the landlord the value

248

of his reversion in the land taken, and the rents reserved thereon during the term, less an abatement for present payment; and to the tenant the value of his term in the same, less the rent reserved thereon.

7. BOARD OF LEVEE COMMISSIONERS. *Remedy for land taken by it.*
The remedy conferred by the charter of the board of levee commissioners (Acts 1884, p. 166) for condemning land, and securing damages in favor of the owner is exclusive, and no resort can be had to any other remedy by one claiming damages on account of the appropriation.

8. CONDEMNATION. *Commissioners to appraise. How damages ascertained.*
Ordinarily the award of damages precedes the appropriation and injury, and is made upon a view of the land; but, as the charter allows the owner one year after the appropriation in which to invoke the remedy, this cannot be held, in all cases, an essential requirement. If the commissioners act on doubtful evidence, the award is not for that reason void, but the aggrieved party may appeal, and thus secure a jury trial, with the usual means of proof.

APPEAL from the circuit court of Bolivar county.

HON. J. H. WYNN, Judge.

With the exception of the instructions in reference to the measure of damages, the case is sufficiently stated in the opinion. The instructions in reference to the measure of damages, given for the plaintiffs, were as follows :

"1. The court instructs the jury that they must not take into consideration, in estimating the damages to plaintiffs, any allowance for the rent due on the lands, nor any payments made to him by defendant, but the jury must allow to plaintiffs the full cash market value of the cotton destroyed.

"2. The court instructs the jury, that if they believe from the evidence, that the plaintiffs rented the land upon which the cotton in controversy was grown from Mayson for the year 1886, the land for that year was under the control of said plaintiffs, and all the cotton grown on such land was the absolute property of said plaintiffs, and the jury must assess as damages to the plaintiffs the cash market value of the crops of said plaintiffs, which they find was destroyed by the levee board in the construction of said levee."

For the defendant the court granted the following instruction :

"1. The court instructs the jury that plaintiffs in this suit are en-

titled to recover the value of their crops growing upon the right of way at the time it was taken for levee purposes, that is, the actual cash market value of the crop, as it stood in the field when the land was occupied for levee purposes, and in arriving at this value the jury can take into consideration the amount of cotton on the stalk, the cost of getting it out, ginning it, getting it to market, the lateness of the season, and all other considerations which would have influenced a prudent business man in the purchase of said crop at that time, if it had been offered to him, and the true criterion is the price that said crop could have been sold for as it stood for cash, a reasonable time being given in which to make the sale."

The following instruction, asked for by the defendant, was refused by the court :

" 2. The court instructs the jury that the plaintiffs in this case are entitled to recover of the defendant the actual market value of the cotton as it stood in the field upon the right of way taken for levee purposes, at the time such land was actually taken for the purpose of being occupied by the levee, and if the jury believe from the evidence that the damages suffered by the landowner, Mayson, by reason of the construction of the levee through the property, had been, prior to the institution of this suit, assessed by commissioners appointed under the law for that purpose, and that, in making up that award, they had taken into consideration and awarded to Mayson, as an element of damages sustained by him, the value of the crop upon the land for which these plaintiffs now ask damages, and that plaintiffs were tenants of said Mayson at that time, and rented the land upon which the crops in question grew at an annual rental of eight dollars per acre, and that said damages were paid to Mayson, then that for the amount of land so occupied, this payment relieved the tenants from the obligation of paying rent thereon, and in this action they can only recover the value of the crop on the land, less the rent of said land, eight dollars per acre."

*Yerger & Percy,* for appellant.

1. The facts stated in defendant's answer, and admitted to be true by the demurrer, estopped the plaintiffs from setting up any

claim for damages.   It is substantially stated there that the value of the cotton destroyed, for which damages were claimed, was included in the award made by the commissioners to Mayson, the landlord ; that at the time of the award it was not of record that plaintiffs had any interest in the land condemned or the crops thereon, and it was unknown alike to the commissioners and the appellant.   The landlord represented that he was the owner of the cotton on the land, and plaintiffs, though aware of the destruction of the crop and the assessment of damages, asserted no claim of ownership, but by their presence and silence acquiesced in the claim of ownership made by Mayson, and during the continuance for eight months of the suit by Mayson, claiming such damages, they asserted no claim of ownership, but only did so after appellant had paid the value of the cotton to Mayson.   Herman on Estoppel, § 432 ; *Upshaw* v. *Gibson,* 53 Miss. 341.

This conduct not only misled appellant, but was acted on by it. If at any time before payment of the damages to Mayson plaintiffs had asserted their claim, appellant could have avoided the payment of this item of the damages to Mayson, and avoided a double payment.

2.  The court should have dismissed the cause for want of jurisdiction.   The commissioners, under the charter, are strictly a commission of viewers.   The warrant to them directs them " to go upon the ground or where said property is, and *view* the same and make their award."   So we have here commissioners appointed and directed in 1887 to go upon land and view cotton destroyed in 1886, and estimate its value.   It would have been easier for them to have gone upon the land, and by viewing it estimate the depth of last winter's snow.   The commissioners had no authority to act except upon a view of the property.

It was error for the court to refuse the instruction asked for by defendant, as to the measure of damages, and to give those asked for by plaintiffs.   The true rule is given in Mills on Eminent Domain, § 68 *et seq.*   " The landlord in case of a condemnation of the whole property is entitled to the present value of the rents to become due during the term, and the tenant to the present value

of his leasehold, over and above the present value of the rent payable during the term." While plaintiffs' instructions embody the rule laid down in *Parks* v. *Boston*, 15 Pick. 198, and followed by the Massachusetts and Pennsylvania cases, we submit that the above rule stated by Herman is more consonant with reason and justice.

In addition we refer the court to *Fitzpatrick* v. *Penn. R. R. Co.*, 10 Phila. 141 ; 32 La. Ann. 371, cited with approval by Am. and Eng. Encyclo. of Law, vol. 6, p. 581.

*Clark & Sillers*, for appellees.

1. Want of jurisdiction in the commissioners.

The commissioners, under the charter, are not only given jurisdiction in all claims against the levee board for damage done to property in clearing the right of way, and in the construction of the levees, but they are given the *exclusive right* to assess such damages, and parties whose lands, crops, or other property have been taken, damaged, or destroyed are restricted to this forum for redress, and limited to one year in which to bring their actions. In this case the appellant took and destroyed cotton standing on the right of way for the levee, which it was about to construct, and the plaintiffs filed their petition and had the commissioners to assess their damages by reason of the destruction of their cotton. We cannot conceive of a clearer case arising under this statute.

The object of the law was to get the cases away from ordinary juries in the first instance, and no redress except by an appeal can be had before any other tribunal than the commissioners.

2. The action of the court was correct upon the demurrer and upon the instructions. The commissioners had been summoned by Mayson to value the damages done to his plantation. He set up no claim for damages to the crops, for he had no interest in the crops. The land was rented to plaintiffs, and they were owners of the term and of the crops. Mayson had a lien on the crops, but no right of property in them, and the lien was extinguished when the rent was paid. Mayson, the landlord, is no more interested in this proceeding than the tenants were in the proceedings taken out by him. Appellees were not parties to the landlord's proceeding,

and had no opportunity to represent their interests in that suit, and could not be affected by any award made by the commissioners, even if they did allow the landlord the value of their crops, which is denied as a matter of fact.

3. If the commissioners had jurisdiction to award damages in this case, all the instructions for plaintiffs were properly given, and the one refused for defendant was rightly refused.

COOPER, J., delivered the opinion of the court.

This cause was tried in the court below upon an agreed state of facts, which is, that in October, 1886, the board of levee commissioners, finding it necessary to construct a levee through the plantation of one Mayson, exhibited its petition in accordance with the provisions of its charter for condemnation of the land necessary to be taken. Notice was served upon Mayson, and in due time the " commissioners to assess levee damages," appointed as directed by law, convened and having viewed the premises made their award of damages. Mayson claimed to be the owner of the crops then growing on the land, and their value was included in the damages awarded. An appeal was taken from this award, and finally, after eight months of litigation, a judgment was rendered in his favor (including the value of the crops) which was paid by the appellant. The appellees were tenants of Mayson, having leased the lands condemned to levee purposes, with other adjoining lands, and were owing Mayson rent at the rate of eight dollars per acre, which rent they paid to him after the land had been taken under the condemnation proceedings. In October, 1887, they exhibited their petitions against appellant for an award of damages for the destruction of their crops. On this petition the " commissioners to assess levee damages " were warned to re-assemble, the appellant was summoned as defendant, and damages were awarded. From the finding of the commissioners both parties appealed to the circuit court. The charter of defendant in granting the right of appeal provides that the party appealing shall, " file in the office of the clerk of the circuit court of the county a written statement distinctly setting forth the matters of fact or of law, or both, com-

plained of," whereupon summons shall issue, and at the return term, " the court shall cause the proper issues of fact or of law to be made up, and upon such issues and under the instructions of the court such appeals shall be tried."

Among other objections taken by the defendant to the award of the commissioners, and specifically and particularly set out in its statement filed on appeal, were the following :

1. That the commissioners had no jurisdiction to award damages for crops theretofore destroyed, because it was impossible for them to know the value thereof, the charter under which they acted not providing for taking testimony, and it being impossible for them to decide upon a view of the property.

2. Because the petitioners were estopped from claiming damages, by reason of their failure and neglect so to do while the controversy was pending between Mayson, the landlord, and the defendant.

3. That the lease not being of record, the defendant was not bound to know of plaintiffs' interest in the land, and was warranted in treating the crops as the property of the landowner.

4. That the interest of the landlord in the crops exceeded their value, and was paid to him.

5. That the claim of plaintiffs was not preferred within one year after the taking.

6. That the value of the crops was paid to the landlord.

Some of these exceptions were met by a demurrer, which was sustained, and issue was joined on the others and found in favor of the plaintiffs.

We find no error in the judgment of the court on the demurrer, and the verdict of the jury was not against the clear preponderance of the testimony.

1. The charter of appellant expressly declares that the remedy thereby afforded shall be exclusive, and that no resort shall be had by one claiming damages to any other remedy. It is true that it is not provided from what source the commissioners to award damages shall draw their knowledge touching the value of the property destroyed. Ordinarily, it was assumed, the award would precede the injury, and the commissioners upon a view would determine the

damages to which the injured parties would be entitled. But the charter gives to one injured one year in which to institute his action, and this, of course, means one year after the taking by the levee board. An appeal is given as a matter of right, and if there be difficulty in an exceptional case, as this is, in an accurate fixing of damages by the commissioners, the party dissatisfied has a simple and inexpensive mode of securing a trial before a jury where the usual means of proof may be resorted to.

2. No facts were given in evidence from which an estoppel against the plaintiffs would arise. It is not shown that they had notice of any proceeding of condemnation; nor that there was a controversy and litigation between Mayson and the defendant in reference to the land; nor that Mayson claimed to be the owner of the crops and demanded payment of their value; nor that the value of the crops was awarded to him.

3. The law does not require a lease for one year to be in writing, and there is, of course, no requirement of a record of the same to affect with notice one who in good faith deals with the landlord as owner of the land for the term.

4. The exception that the interest of the landlord in the crops exceeded its value, means, if anything, that the plaintiffs had no interest in the crops.

5. The limitation pleaded is not supported by the facts.

6. The fact that the defendant paid to the landlord the value of the crops taken, the same being the property of the plaintiffs herein, can, as matter of course, afford no protection against the present suit. The lessee is owner of the term, and is entitled to notice and to damages as any other owner. Mills on Em. Domain, § 68; Lewis on Em. Domain, § 483.

The instructions given on behalf of the plaintiffs as to the measure of damages were erroneous, and that asked by the defendant should have been given.

There is concurrence in all courts in the view that where leased premises are condemned, the present value of the land should be apportioned between the landlord and tenant according to their respective rights; but what rule is to be applied in making the

apportionment has been the cause of some divergence of decisions.

In *Parks* v. *Boston,* 15 Pick. 198, the landlord of premises, a part of which was being taken for a street, claimed as compensation the present value of his reversion and the rents reserved during the term, less a deduction for present payment. It was held by the supreme court (in language broad enough to cover cases where there should be a condemnation of the whole premises) that the landlord could only recover the value of his reversion, the argument being that the condemnation to public uses of the land demised did not affect the relation of landlord and tenant, wherefore the landlord was entitled to the value only of the reversion, the tenant to the value of the term, leaving the landlord to his remedy against the tenant for the rent reserved. In *Cuthbert* v. *Kuhn,* 3 Wharton (Penn.) 356, it was held that a condemnation of a part of the demised premises operated, in equity, as an apportionment of the rent. In *Workman* v. *Mifflin,* 30 Penn. St. 362, it was decided that the condemnation of a part of the premises did not apportion the rents at law, but in *Dyer* v. *Wightman,* 66 Penn. St. 425, the jury having awarded to the landlord the whole value of the land taken (consisting of the whole of the demised premises) it was held that the landlord could not thereafter recover rents from the tenant. In *O'Brien* v. *Ball,* 119 Mass., it was held that a condemnation of the whole premises by the city of Boston dissolved the relation of landlord and tenant. In the cases in which it was held in these states that the taking of a part of the premises did not operate as an apportionment of the rent, the principle is distinctly announced as the reason for the decisions, that the taking is not the act of the landlord, and not being an eviction by him the rent cannot be apportioned. It is difficult to perceive how the quantity of the estate taken can vary the relations of the parties, since in the one case, as the other, the act is the act of the state. We are wholly unable to perceive why an act by the state shall be held to be an eviction where the whole premises are taken, thereby dissolving the relation of landlord and tenant, while the same act in reference to only a portion of the premises, is not *pro tanto*

also an eviction, followed by an apportionment of the land reserved.

In *Biddle* v. *Hussman*, 23 Missouri 597, it is held, and we think with reason, that the exercise of the sovereign power of eminent domain, by which a portion of the demised premises is taken, operates as an apportionment of the rent and dissolves the relation of landlord and tenant *pro tanto*.

The rule announced in that case for the apportionment of the damages meets our approval; under it complete justice is done both to the landlord and the tenant, and a multiplicity of suits is prevented. Under that rule the whole estate condemned is to be valued and apportioned between the landlord and tenant, giving to the landlord the value of his reversion and the rents reserved during the term, less an abatement for present payment, and to the tenant the value of his term less the rent charged thereon. Since the appellees would only have been entitled to the value of their term less the rents (eight dollars per acre) if an award had been made to them at the time of the condemnation, they should not have been permitted to recover a greater amount in the present action.

*Judgment reversed and cause remanded.*