J. W. OWENS ET AL. *v.* BOARD OF LEVEE COMMISSIONERS FOR THE YAZOO-MISSISSIPPI DELTA.

PRACTICE. *Land taken for levee purposes. Ejectment not available. Statutory remedy exclusive. Act February 7, 1894 (Laws, p. 95).*

Ejectment does not lie for land taken for levee purposes by the Board of Levee Commissioners for the Yazoo-Mississippi Delta, even when compensation has not preceded the taking, since the act of February 7, 1894 (Laws, p. 95), provides an exclusive remedy of a different nature.

FROM the circuit court of Tunica county.

HON. F. A. MONTGOMERY, Judge.

The appellants sued the appellees in ejectment for certain land that had been taken by the latter for levee purposes, claiming, also, damages for the taking of the land sued for and such other damages as resulted from the taking to their adjacent land. The defendants pleaded the general issue, and, on the trial before the court, a jury having been waived, plaintiffs introduced evidence showing a sale of land to the state for taxes,

in 1883, and sale by the state to plaintiffs in 1886, and also the taking by defendants and the damages occasioned thereby. When the plaintiffs rested, the defendants, who had objected to the evidence as it was offered, moved to exclude the whole, because the action of ejectment did not lie, plaintiffs' remedy being confined to the *ad quod damnum* proceeding provided by the statute and made exclusive of every other; and also because the evidence showed that the land belonged to the state when defendant's board was created, in 1884, by an act of the legislature that was, in effect, a grant by the state of the necessary right of way to the defendants for levee purposes. The court sustained the motion on the ground that ejectment did not lie, without expressing any opinion as to the effect of the act of 1884 as a grant by the state, and, judgment having been entered for the defendants, plaintiffs appealed.

*J. B. Chrisman,* for the appellant.

The plaintiff, when his title was denied, had the right to sue in ejectment, and after he had shown a valid title acquired from the state, his action should not have been defeated, in the absence of all proof of expropriation by the defendants under the act of February 7, 1894. Counsel also discussed at length the claim that the act of 1884 operated as a grant to defendants of the right of way for the construction of levees through all state lands.

*St. John Waddell,* for the appellees.

1. Under the act of February 7, 1894 (Laws, p. 99), the remedy by appraisement of damages and condemnation is made exclusive.

2. The state owned the land when it created defendants' board in 1884 and directed them to take and hold any land whatever that might be necessary for the location or maintaining of their line of levee. Act of February 28, 1884, sec. 3 (Laws, p. 142). This was equivalent to a grant of the neces-

sary right of way through such lands.   Mills on Em. Dom., sec. 351, p. 534, and authorities cited.

WHITFIELD, J., delivered the opinion of the court.

Without reference to the question as to a grant by the state in aid of the levee board—as to which see the act of February 28, 1884 (Laws, p. 140, § 2); act of February 7, 1894 (Laws, p. 95); Mills, Em. Dom., sec. 351, and authorities, especially *Com.* v. *Boston & N. R. Co.*, 3 Cush., 25, and Rand., Em. Dom., sec. 297—it is clear, under our statute—act February 7, 1894, *supra* (§ 1, p. 99, Laws 1894)—ejectment does not lies in the case made by this record. The statute expressly declares that the remedy therein provided "shall be exclusive of all other remedies." That the compensation did not precede the injury, as it ordinarily would, and ought to do, makes no difference on the facts of this case, as it did not in *Board of Comrs.* v. *Johnson*, 66 Miss., 248.

*Affirmed.*