Rhode Island Hospital Trust Company, Trustee, *vs.* Thaddeus J. Hayden and Thomas F. Hayden.

PROVIDENCE—MAY 27, 1898.

Present: Stiness, Tillinghast and Rogers, JJ.

The Highway Act (Pub. Stat. R. I. cap. 64, §§ 1-17) materially differs from the "Betterment Act" in that it contains no statement as to the title obtained by

a municipality under the condemnation proceedings, and no provisions affecting pending leases.

Under the Highway Act all the right which the town or city acquires in the land taken is an easement therein for the purposes of a highway ; the title to the soil, and all the profits thereof consistent with the easement, remain in the original owner.

Under the Betterment Act the municipality, upon its election to make the improvement, becomes seized of the land in trust for use as a public highway ; existing leases, in so far as they affect the land taken, immediately cease, and the rent for the residue of the lands covered by lease is to be apportioned.

The rent for premises taken under the Highway Act, which accrues after the condemnation of the land and before the actual eviction of the tenant, cannot be properly distinguished from any other profit derived therefrom, and belongs to the owner.

As the city obtains under the Highway Act only the described easement in the land taken, it cannot use the land for any other purpose; if built upon or rented by the city, the owner might recover the land in ejectment, together with the rent thereof as mesne profits.

ASSUMPSIT for rent of premises within the limits of land taken for a highway under the "Highway Act," and accruing between the time of the condemnation of the land and the termination of the tenancy. Heard on exceptions to the rulings of a District Court.

TILLINGHAST, J. This case is before us on exceptions to the rulings and decisions of the Sixth District Court; and the question raised is whether the plaintiff can recover rent of premises included within the limits of land taken for a highway under the Highway Act, so-called, for the time intervening between the condemnation of said land and the time when the defendant's occupation ceased.

The record shows that the defendants attorned to the plaintiff and paid their rent to the date of the taking of the land for the highway. At the trial in the court below, the plaintiff proved its prior ownership in fee and the continued occupation by the defendants. The defendants then offered the condemnation proceedings by the city council of Providence, upon the first day for which plaintiff claims rent in this case, viz., July 1, 1895, said proceedings having been had under the first seventeen sections of Pub. Stat. R. I. cap. 64, as modified by Pub. Laws R. I. cap. 587, passed April 30, 1886, and the plaintiff objected to the introduction thereof as im-

material, and excepted to the ruling of the court admitting the same in evidence. The plaintiff also excepted to the decision of the court for the defendants, based upon said highway proceedings.

Its contention, in brief, is (1) that condemnation proceedings being *in invitum*, statutes relating thereto must be strictly construed; (2) that, unless distinctly otherwise provided, all that the city obtains by such proceedings, under the statute in question, is that which the common law has ever regarded as sufficient for the accomplishment of the public purpose, namely, an easement over the land; and (3) that there can be no presumption that the city has paid for anything more than the statute gives it, and, accordingly, there is no equity for the defendants because of payment by the city to the plaintiff.

The defendants' contention, on the other hand, briefly stated, is that, upon the adoption of the report of the committee appointed by the board of aldermen to lay out the street, and payment by the city to the owner of the land in question, the right of the plaintiff as landlord thereupon immediately ceased, and hence that the plaintiff cannot maintain its action for rent. The principal argument in support of this contention is that the title of the city to the land condemned under the Highway Act is the same as that which it obtains in proceedings under the Betterment Act. Ordinances of the City of Providence, ed. of 1877, 301–7. We do not think this position is tenable. The Highway Act is materially different from the Betterment Act in several of its features, and particularly as bearing upon the case before us, in that it contains no statement as to the title which is obtained by virtue of the condemnation proceedings nor any provision affecting pending leases. All the right which the city obtained in the land in question was an easement therein for the purposes of a highway. And, therefore, notwithstanding "the condemnation of the land to the use of the public for travel, the title to the soil, and all the profits thereof consistent with the existence of the easement, remain in the original owner." *Tucker* v. *Eldred*, 6 R. I. 404. The same doc-

trine is recognized in *Aldrich* v. *Drury*, 8 R. I. 554, and in *Johnston* v. *Old Colony Railroad Co.*, 18 R. I. at p. 647. Under the Betterment Act, however, which is to all intents and purposes distinct from the Highway Act, the statute expressly provides that the city, upon its election to make the improvement, shall become seized of the land in trust for use as a public highway, which implies, at least, an estate of freehold.   It also provides that where the whole of any lot of land or any building under lease shall be taken, the lease shall immediately cease and determine and be absolutely discharged; and, further, that in case a part only of any parcel of real estate, so under lease, shall be taken, all leases as to the part taken shall be discharged and the rent for the residue shall be apportioned.   It will be seen, therefore, that there is no such analogy between the Highway Act and the Betterment Act as to warrant the defendants' contention that the title which the city acquires under the former is the same as it acquires under the latter, or, at any rate, that the rights of the owner under pending leases are affected in the same way.   And in this connection it is pertinent to say that Pub. Stat. R. I. cap. 64, § 40, cited by the defendant, which provides that "Whenever the whole of any lot or parcel of land, or any building under lease or other contract, shall be taken as aforesaid, for any of the purposes aforesaid, upon the election of the town or city council, as provided in this chapter, to make said improvements, said lease or contract shall immediately cease and determine and be absolutely discharged," has no bearing upon the case, as it does not apply to the city of Providence.   See § 46.   But even if it did, it being a part of the Betterment Act, it has nothing to do with proceedings under the Highway Act proper.

As to the rent of the premises, then, which accrues after the condemnation of the land and before the actual eviction of the tenant, we fail to see that it can properly be distinguished from any other profit derived therefrom.   Suppose, for instance, that a given layout of a highway under the Highway Act should include one's dwelling-house which he is actually occupying; could it be successfully claimed that

he could not rightfully continue in the occupancy and enjoyment thereof until such time as the city should see fit to take actual possession of the land for a highway? We think not. And if we are right in this view, it logically follows that the rent and income of the building, if occupied by a tenant of the owner, also belong to him.

As the city obtained only an easement in the land in question, it clearly had no right to use the same for any other purposes than those appertaining to a highway. It could not legally build upon it or rent it; and if it should do so, the owner could recover the land in ejectment, together with the rents thereof as mesne profits. *Proprietors of Locks & Canals* v. *Railway Co.*, 104 Mass. 1 (11).

The case of *Emmes* v. *Feeley*, 132 Mass. 346, is in point. There it was held that a taking of land by a city for the purpose of widening a street, without actual eviction, did not determine the estate of a tenant at will of the land, the city not taking the fee from the plaintiff, but only an easement.

In speaking of the compatibility of the public enjoyment with individual possession, Mr. Angell, in his work on Highways, p. 429, says: "An easement is a privilege, service, or convenience in the estate of another, by grant or prescription, and comprises no interest in the thing itself. It supposes that different rights in the use of the same thing may coexist in different persons; and nothing is more common than for one to have an easement in the land of another, who has an estate in fee and is in actual possession. It is compatible with the right of the owner of the fee to depasture and mow it, to take the trees and anything growing on it, and hold it in possession for these purposes. If disseized by the grantee of the easement, he can recover possession in ejectment, there being no inconsistency in the recovery subject to the private right of way. The principle is precisely the same in regard to the right of the public in the soil of a highway; its right is but an easement, and, subject to that, it no more conflicts with the right of the public in a highway than with that of an individual in a private way, for the owner of the fee to recover possession."

In *Thomas* v. *Ford*, 63 Md. 355, the law is stated as follows: "The existence of an ordinary highway over the land of an owner, whether it had its origin by condemnation, dedication or prescription, does not divest him of the property in the soil. In such case he has full dominion and control over the land, subject to the easement in the public, and he may recover it in ejectment, or bring an action for trespass against any person who deposits wood, stone or rubbish upon the soil, or otherwise infringes upon the ordinary proprietary rights of the owner of the soil, in a manner not in the use of the easement as a highway."

To the same general effect are the following cases cited by plaintiff, viz.: *Heyneman* v. *Blake*, 19 Cal. 579–96; *City of Boston* v. *Richardson*, 13 Allen, 146–59; *Gardner* v. *Brookline* 127 Mass. 363–4; *Hollingsworth* v. *Railway Co.*, 63 Ia. 444–5; *Taylor* v. *Armstrong*, 24 Ark. 102; *Bradley* v. *Pharr*, 45 La. Ann. 426; *Dailey* v. *State*, 51 O. St. 348; *Harrison* v. *Duke of Rutland*, C. A. 1 Q. B. D. 142. See also Mills on Em. Domain, §§ 49–51, and Elliott on Roads and Streets, 536.

The defendants' counsel have cited cases in which it is held that the appropriation of leased premises for public purposes extinguishes the lease, and hence that an action for rent accruing subsequently to the condemnation cannot be maintained. The cases referred to are *Biddle* v. *Hussman*, 23 Mo. 597; *Barclay* v. *Pickles*, 38 Mo. 143; and *Commissioners* v. *Johnson*, 66 Miss. 248. The first named case is not strictly in point, for the reason that the land in question, which constituted a part of leased premises, was *deeded* to the city by the owner, subject to the leases thereof, and the court, in an action brought by the landlord to recover the whole of the rent reserved, held that the effect of the conveyance to the city carried with it, as incident to the part of the reservation conveyed, a proportionate part of the rent. It is true there is a *dictum* in the opinion to the effect that if the *whole* of the leased premises had been applied to the public use, the condemnation would have divested all rights of private property in the land and have thus extinguished

the whole rent issuing out of it.    But, as the land was deeded to the city, we fail to see that the question as to what would have been the effect of a condemnation thereof in the first instance was in issue.

In the case of *Barclay* v. *Pickles*, 38 Mo. 143, however, the question was squarely raised as to the effect of condemnation proceedings upon an existing lease of the land, and the court held that upon the confirmation of the report of the commissioners condemning the property, the lease became void, and hence that the landlord could not recover rent which subsequently accrued.    The same rule seems to have been adopted in *Commissioners* v. *Johnson*, *supra*.    These cases, together with some others to the same effect, evidently proceed upon the theory that the condemnation of the land divests the owner of his title absolutely, and hence that all rights depending upon the continuance of that title are necessarily extinguished.    Thus in *Corrigan* v. *Chicago*, 144 Ill. 537, the court, after referring to *Barclay* v. *Pickles*, *supra*, and other cases, say:  "In these cases, the discharge of the lessee from liability is placed upon the ground that the landlord's title is absolutely extinguished in the leased estate, and he cannot, therefore, enforce the contract for the payment of rent after its extinguishment. . . . . . This rule applies whether the action be for the recovery of the premises, or for rent accrued after the extinguishment of the landlord's title (Taylor's Landlord and Tenant, § 627–708, and cases cited); and whether the estoppel sought to be set up arises *in pais*, or by deed.    The estoppel *in pais* arises, if at all, because of the tenant's having entered under the title at the beginning of the lease.    This he admits.    But it is not inconsistent therewith to plead and prove that such title has subsequently expired."

This is not the view taken by the courts in general, as has already been shown, and is certainly not in accordance with the well-settled doctrine in this State.

The general question under consideration is quite fully discussed by Mr. Joseph H. Taulane, in Vol. 29 of the Amer. Law Review, pp. 351–60, and the writer, while personally

taking the same view as that expressed in the Missouri and Illinois cases above cited, yet frankly admits that the weight of authority is against it.

Our decision is that the plaintiff is entitled to recover the rent accruing as aforesaid, and the exceptions are, therefore, sustained, and the case remitted to the Sixth District Court with direction to enter judgment for the plaintiff for the amount due.

*James Tillinghast, William R. Tillinghast and Theodore F. Tillinghast,* for plaintiff.

*Edward DeV. O'Connor,* for defendant.