PYRON v. BLANSCET.

4-9372                                     238 S. W. 2d 636

Opinion delivered March 26, 1951.

Rehearing denied April 23, 1951.

*Jeta Taylor* and *John Cravens*, for appellant.

*Mark E. Woolsey* and *Yates & Yates*, for appellee.

GEORGE ROSE SMITH, J. This is a suit in ejectment brought by the appellees to recover two small pieces of land. A jury trial resulted in a verdict and judgment awarding the possession of both tracts to the plaintiffs.

Only a question of law was presented below as to the first tract, which is the north half of a segment of a railroad right-of-way that was abandoned by the railroad company in 1936. At that time J. H. Jacobs owned land on both sides of the right-of-way. The land on the north side was later sold to the appellees, and that on the south was later sold to the appellants. Both deeds contain metes and bounds descriptions that extend to the edge of the right-of-way and thence along the right-of-way for given distances. Thus, according to the deeds, the appellees' south boundary is the north side of the right-of-way, and the appellants' north boundary is the south side of the right-of-way. The appellants, in addition to their original deed, obtained from Jacobs' heirs a quitclaim deed to the disputed section of the right-of-way.

The appellees insist that the legal effect of their deed is to convey to the center line of the abandoned right-of-way, and several cases from other jurisdictions are cited to support this contention. In practical effect there is much to be said in favor of this view, since the opposite rule often leaves in the grantor the ownership of a narrow and inaccessible strip of an abandoned railroad right-of-way, street, alley, etc.

The appellants rely chiefly upon *Fordyce* v. *Hampton*, 179 Ark. 705, 17 S. W. 2d 869, and with some reluctance we concede that case to be controlling. There we held that although a conveyance of land bounded by an alley is usually presumed to carry title to the center line, the presumption does not arise when the alley has been vacated or abandoned. In the opinion we recognized the fact that two lines of authority exist and chose the rule that the grantee takes to the center of an abandoned easement only when the grantor explicitly expresses that

intention. Those of us who are joining in this opinion do not think the doctrine of the *Fordyce* case to be a desirable one, since a grantor does not ordinarily intend to retain title to an abandoned right-of-way that is of little practical value. But the *Fordyce* case laid down a rule of property. No doubt sales have been made and titles have been approved in reliance upon that decision. For us now to overrule it would destroy property rights that were acquired in the belief that this court would abide by its choice between lines of authority that have about equal support in the cases. If the rule is to be changed it should be done by legislation that operates prospectively rather than by judicial decision that is retroactive. Since we adhere to the rule announced in the *Fordyce* case the trial court erred in submitting to the jury the question of the ownership of the first tract. The appellants acquired title by their deed from the Jacobs heirs. As to this tract the judgment is reversed and the cause dismissed.

The second tract is half an acre lying between the railroad right-of-way and a national highway. The appellees assert title by adverse possession, and we think the testimony presented an issue for the jury. Mrs. Blanscet, one of the appellees, testified that she and her husband had planted alfalfa on this tract in 1939 and had harvested hay from the land in every year from 1939 through 1947. There is convincing evidence to the contrary, but it cannot be said that the record is without evidence to show that the appellees have acquired title by adverse possession. On this phase of the case the judgment is affirmed.

McFADDIN, J., concurs; HOLT, J., dissents.

HOLT, J., dissenting. I think the judgment should be affirmed on both phases of the case.

This is a suit in ejectment involving two separate tracts of land in the NW¼ of the NE¼, Section 16, Township 9, Range 26 West, Franklin County, approximately 40 acres. One tract (which we shall refer to as the Railroad Right of Way) is the North half of the

abandoned railroad right of way of the Missouri Pacific Railroad Company. This right of way was 100 feet wide. The other tract of approximately one-half acre is contiguous to the railroad right of way.

The parties here claim title from a common source.

J. H. Jacobs died intestate in 1923, seized and possessed of the 40 acre tract, above described. He was survived by his widow and certain heirs. Before J. H. Jacobs acquired title, the Little Rock and Fort Smith Railroad Company (now the Missouri Pacific Railroad Company (had acquired a 100 foot right of way, running diagonally across this tract in a northwesterly direction. All interest in this right of way was abandoned by the railroad in 1936. Bordering this abandoned right of way on the north is State Highway 64, approximately 80 feet in width.

In 1911, Bill Logan and wife conveyed to J. H. Jacobs the lands lying south of the railroad (approximately 20.74 acres) using the following description: "Part of the northwest quarter of the northeast quarter of Section 16, Township 9 North, Range 26 West, more particularly described as commencing at the southeast corner of said northeast quarter of Section 16, Township 9 North, Range 26 West, thence west 20 chains, thence north 18 chains and 73 links to the right of way of the Little Rock and Fort Smith Railway; thence south 50 degrees east 26 chains and 10 links; thence south 2 chains and 2 links to the place of beginning, containing 20.74 acres, more or less."

In 1912, James Snell conveyed to Jacobs the lands lying north of the railroad under the following description: "Part of the Northwest quarter of the Northeast quarter of Section 16, Township 9 North, Range 26 West, to-wit: Commencing at the Northeast corner of said Northwest quarter of the Northeast quarter, running thence south 12 chains, thence West 3 chains and 15 links, thence south 1 chain and 46 links to the Little Rock and Fort Smith railroad right of way, thence 50 degrees west 20 chains and 94 links to the north line of said Northwest

quarter of the Northeast quarter, thence east 19 chains and 20 links to the place of beginning."

March 31, 1947, the widow and heirs of Jacobs conveyed to Ted Adams and wife the land conveyed by Snell above, employing the same description in their deed as that employed from Snell to Jacobs.

In July of that same year, Adams and wife conveyed said lands to appellees under the same description.

In September 1947, the widow and heirs of Jacobs conveyed to appellants the Logan lands, employing the same description as that employed in the deed from Logan and wife to Jacobs. About eight months later, in 1948, appellants obtained from the widow and heirs of Jacobs a quitclaim deed purporting to convey all of their interest in the abandoned railroad right of way, and erected a fence on the north side thereof.

It is conceded here that appellees own approximately 13 acres north of the railroad right of way and appellants own approximately 20.74 acres south of the right of way.

Thereafter, the present suit was filed by appellees in which they alleged, in effect, that at the time the widow and heirs of Jacobs executed the warranty deed, using the descriptions above, they (grantors) intended to, and did, convey all title and interest in the lands, including said railroad right of way, and that it was not the intention of the widow and heirs to reserve or retain title to the right of way, but that it was the understanding of all parties that the grantors were conveying in each deed to the center line of the railroad right of way, and therefore this center line was the boundary line between the lands of appellants on the south and appellees on the north. Appellees further alleged that they were entitled to the one-half acre tract by adverse possession.

Appellants interposed a general denial and asserted that they were entitled to all of the right of way as well as the one-half acre tract.

Upon a jury trial, there was a verdict in favor of appellees and this appeal followed.

As to the railroad right of way tract, appellants contend that appellees were not entitled to any part of the railroad right of way whereas appellees assert that they are entitled to the possession of the north half of the railroad right of way abutting on their lands. Appellees concede that appellants would be entitled to one-half of the right of way bordering on the north boundary of their 20.74 acres.

At the outset, we point out that the following principles of law set forth in appellees' brief are well established:

1. A conveyance of land abutting on a street, alley or highway, ordinarily carries with it the fee to the center line of such street, alley or highway, when same is owned by the grantor in such private conveyance.

2. Where the street, alley or highway has been abandoned at the time of such private conveyance, and the conveyance is made without reference to such street, alley or highway, the conveyance carries no title to such street, alley or highway.

3. Where the street, alley or highway has been abandoned or vacated, but the private conveyance is made with reference to same, or where it is made the boundary, the rule stated in number 1 above obtains, that is, the conveyance carries to the center of the street, alley or highway where this was owned at the time by the grantor, unless a contrary intent appears in the instrument of conveyance. *Taylor et al.* v. *Armstrong et al.,* 24 Ark. 102; *McGee* v. *Swearengen,* 194 Ark. 735, 109 S. W. 2d 444.

In the present case, the right of way had been abandoned and vacated by the railroad in 1936 and the conveyances to appellees and appellants were thereafter made with reference to the railroad right of way as a boundary line. All of the deeds beginning with the deeds from Logan and wife in 1911, and from Snell in 1912 to Jacobs, and the deeds from Jacobs' widow and heirs to appellants and to Adams and wife, appellees, grantors, have described the lands conveyed with reference to the right of way of the Little Rock and Ft. Smith Railroad

(now the Missouri Pacific Railroad), therefore, in the circumstances, these conveyances carry to the center of the right of way, since no contrary intention appeared in any of the deeds.

In 11 C. J. S., Boundaries, Section 45, page 594, the text writer says: "Although a contrary rule has been expressed, generally a conveyance of land bounded by a railroad right of way will give the grantee title to the center line of the right of way if the grantor owned so far, unless the grantor has expressly reserved the fee to the right of way, or his intention not to convey the fee clearly appears. This is by application of, or analogy to, the rule, stated in § 35 a, as to conveyances of land bounded by public highways."

Appellants argue, and the majority so holds, that the rule announced by this court in *Fordyce v. Hampton,* 179 Ark. 705, 17 S. W. 2d 869, is contrary to appellees' contentions here and that this case "completely covers the law." I think the Fordyce case is distinguishable and not controlling, for the reason that in that case we pointed out that in the conveyance of the lots involved there, in the description "no mention was made of the alley nor that it was made according to said plat," and also we there held that Hampton acquired the alley in question not because it had been abandoned and was contiguous to other property owned by him but because he acquired it by adverse possession.